**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

MELVIN KEAL CALDWELL,             *
         Plaintiff,             *

      v.             *             Civil Action No. AW-01-2716

JON P. GALLEY, *et al.*,             *
         Defendants.             *
                            * * * * *

**MEMORANDUM OPINION**

Melvin Keal Caldwell ("Caldwell" or "Plaintiff"), an inmate in the custody of the Maryland Division of Correction, brings this civil rights action under 42 U.S.C. § 1983 ("Section 1983") against Jon P. Galley, Gary Knight, and David Landcaster (collectively, "Defendants"). Currently pending before the Court is Defendants' Motion for Summary Judgment [80]. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will grant Defendants' Motion for Summary Judgment.

**I.     FACTUAL & PROCEDURAL BACKGROUND**

The following facts are taken in the light most favorable to the non-movant. On September 2, 2001, Caldwell was assaulted by Anthony Midgette ("Midgette"), a fellow inmate, when Midgette was placed in Caldwell's cell. Caldwell argues that Defendants knew and that Midgette was likely to assault Caldwell and placed Midgette in Caldwell's cell either intentionally or with unreasonable disregard for the risk of assault.

On September 9, 2001, Caldwell filed a complaint pursuant to the Administrative Remedy Procedure ("ARP") in effect by the Maryland Division of Correction. Caldwell's complaint was denied.

It is undisputed that Caldwell did not appeal the denial under the ARP to the Inmate Grievance Office, which provided an additional level of review. Instead, on September 12, 2001, Caldwell filed his Complaint in this Court. On October 27, 2004, Defendants brought the instant Motion for Summary Judgment for failure to exhaust administrative remedies. The motion is ripe for review and the Court will now issue an Opinion.

## II.  SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment will be granted when no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Haavistola v. Cmty. Fire Co. of Rising Sun, Inc.*, 6 F.3d 211, 214 (4th Cir. 1993); *Etefia v. East Baltimore Comm. Corp.,* 2 F.Supp.2d 751, 756 (D. Md. 1998). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. Pro. 1). The court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991) (internal citations omitted). While the evidence of the non-movant is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

**III.    ANALYSIS**

Defendants argue that, because Plaintiff failed to exhaust the administrative procedures available to him, his claims should be dismissed pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"). The Court agrees.

The PLRA generally requires prisoner plaintiffs to exhaust their administrative remedies before filing suit in federal court. 42 U.S.C. § 1997(e)a; *Chase v. Peay*, 286 F.Supp.2d 523, 526 (D. Md. 2003). The PLRA provides as follows:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.*

Defendants argue and Plaintiff concedes that Plaintiff failed to exhaust his administrative remedies as defined by the PLRA when he failed to appeal to the Inmate Grievance Office. Rather, Plaintiff asserts that the exhaustion defense raised by Defendants was not brought in a timely manner and thus was waived. Specifically, Plaintiff urges this Court to ignore his PLRA violation as Defendants failed to assert exhaustion as an affirmative defense in their Answer, and further, because the instant Motion for Summary Judgment was not brought within the time period mandated by this Court's Scheduling Order.

The Fourth Circuit Court of Appeals has explained that a district court has the authority to *sua sponte* raise an affirmative defense, such as failure to exhaust, as grounds for dismissal, provided that the court allow the plaintiff the opportunity to respond to the charge. *Anderson v. XYZ Correctional Health Serv., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005). The *Anderson* court found such an approach proper

because "the statutory time-limit for filing habeas petitions implicates values beyond the interests of the parties and, in particular, promotes judicial efficiency and conservation of judicial resources." *Id.* (internal citations omitted).

Here, insofar as Defendants' allegation of failure to exhaust under the PLRA is untimely, the Court *sua sponte* adopts Defendants' concerns, to which Plaintiff has had a full opportunity to respond. Plaintiff does not present any persuasive argument as to why this action is not brought in violation of the PLRA. Therefore, the Court finds that Plaintiff has failed to exhaust his administrative claims and will thus dismiss Plaintiff's Complaint.

## IV.     CONCLUSION

For all of the aforementioned reasons, the Court will GRANT Defendants' Motion for Summary Judgment [80]. An Order consistent with this Opinion will follow.

Date:   July 21, 2005                                                          /s/
                                                                     Alexander Williams, Jr.
                                                                     United States District Court